IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE WILSON, JR., #104358-B, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-223-TMH |
| | ) [WO] |
| | ) |
| TERRY L. BUTTS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Willie Wilson, Jr. ["Wilson"], a state inmate, in which he challenges the constitutionality of his confinement pursuant to a conviction for second degree burglary imposed upon him in 1984 by the Circuit Court of Pike County, Alabama.[1]  Specifically, Wilson argues that he is improperly incarcerated because Pike County officials do not have a paper record showing "they got a case against me so why Pike County got me in prison without a case...." *Complaint - Doc. No. 1* at 2. Wilson, however, also acknowledges a conviction

---

[1] Although Wilson does not identify the precise nature of his 1984 Pike County conviction, it is clear from the allegations contained in the complaint and the record of this court in a prior habeas action, *Wilson v. Burton, et al.*, Civil Action No. 92-CV-836-WHA-CSC (M.D. Ala. 1994), that the conviction about which Wilson complains is one for second degree burglary. The record in *Wilson v. Burton, et al.*, *supra*, shows that the court denied Wilson relief on his habeas petition attacking the constitutionality of this conviction.

from Pike County when he alleges that "the State failed to make out a prima facie case against [him] in that it failed to prove all of the elements of the charge." *Id*. Wilson further argues that his burglary conviction is unconstitutional, as he "did not receive a fair trial in that the trial court erred by failing and refusing to instruct the jury as to ... the lesser [included offense of] criminal trespass in the first degree after a timely request for such [charge]...." *Id*. Wilson seeks monetary damages "for all these years ... in prison without a case from ... Pike County...." *Id*. at 3.

Upon review of the complaint, the court concludes dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## II. DISCUSSION

Wilson asserts that he is improperly incarcerated on a second degree burglary conviction imposed upon him in 1984 by the Circuit Court of Pike County, Alabama. He contends because the trial court no longer maintains possession of a paper record for this conviction, the conviction is nonexistent. He also presents claims challenging the constitutionality of the burglary conviction. The claims presented to this court clearly go to the fundamental legality of Wilson's conviction and sentence and, therefore, provide no

---

[2]The court granted Wilson leave to proceed *in forma pauperis* in this cause of action. *Order of March 14, 2012 - Doc. No. 3*. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires dismissal of a prisoner's civil action prior to service of process if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or sentence is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Supreme Court emphasized "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the constitutionality of a conviction and/or sentence "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged conviction/sentence has previously been invalidated. 520 U.S. at 648. Moreover, the

Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously advanced in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction and resulting sentence is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *see also Castro v. United States*, 540 U.S. 375, 382 (2003) (disfavoring a court's *sua sponte* re-characterization of an action as one seeking post-conviction collateral relief under 28 U.S.C. § 2255).

Wilson challenges the constitutionality of a 1984 conviction for second degree burglary imposed upon him by the Circuit Court of Pike County, Alabama. A judgment in favor of Wilson on his claims attacking the burglary conviction would necessarily imply the invalidity of the conviction and resulting sentence. It is clear from the records of this court that the conviction about which Wilson complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack by Wilson on the conviction entered by the Circuit Court of Pike County, Alabama for second degree burglary is prohibited by federal law and subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S.

at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-490.[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as the claims presented in the complaint are not properly before the court at this time.

It is further

ORDERED that on or before April 6, 2012, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

[3] Wilson is advised "[b]efore a second or successive [federal habeas] application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). Absent the requisite order from a three-judge panel of the Eleventh Circuit, this court has no jurisdiction to consider a second or successive habeas petition. *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE